TANNER vs. BILLINGS and another.

Subdivision 6, sec. 31, chap. 134, R. S., after specifying certain articles of household furniture as exempt from sale on execution, adds the following: "and all other household furniture not herein enumerated, not exceeding two hundred dollars in value." *Held*, that a debtor could not retain as exempt under this provision a *piano* of less value than two hundred dollars.

Whether such an instrument, belonging to a person whose business is teaching music, could be claimed as exempt under the *ninth* subdivision of the same section, which enumerates "the tools and implements, or stock in trade, of any mechanic, miner or other person, used or kept for the purpose of carrying on his trade or business," and "the library of any professional man," not exceeding two hundred dollars in value, is a question not presented in this case.

An allegation in the complaint that the plaintiff was a pianist, and that he had taught music within three months prior to the time when his piano was seized, is not sufficient to show that teaching music was his business at the time of such seizure.

APPEAL from the Circuit Court for *Jefferson* County.

The defendants, as sheriff and deputy sheriff of said county, had seized a piano belonging to the plaintiff, under a writ of attachment against his property. This action was brought to recover the value of the instrument. A stipulation was filed containing an agreed statement of the facts, and the only question presented was that stated by this court. The circuit court held that the piano was not exempt, and rendered judgment for the defendants, from which the plaintiff appealed.

*N. S. Murphy,* for appellant, cited the definitions of "furniture" in Webster's Dictionary and Bouvier's Law Dictionary ; and as to the construction put upon the words "household furniture" in wills, cited 1 Bouvier's Law Dict., 552 ; 1 Roper on Leg., 203-4 ; 1 Johns. Ch., 329, 388 ; 3 Vesey, 312-13 ; 1 Sim. & Stu., 189. "Other household furniture *necessary* for the debtor's use," &c., means not indispensable furniture, but necessaries rather than luxuries. *Davlin v. Stone,* 4 Cush., 359. The policy of the exemption laws is wise and salutary ; and they should be liberally construed by the courts. *Phelps v. Rooney,* 9 Wis., 83.

*Edson Kellogg,* for respondents.

*By the Court,* PAINE, J. The statute exempting personal property from sale on execution, after specifying certain articles of household furniture, adds the following : " and all other household furniture not herein enumerated, not exceeding two hundred dollars in value." The question presented in this

case is, whether, under this provision, the debtor may hold exempt as furniture a piano of less value than two hundred dollars. We think that he cannot. For although a piano more nearly resembles some articles of furniture than most other musical instruments do, and although it may be used at times for some of the purposes of an ornamental table, yet these facts do not divest it of its acknowledged character as a musical instrument. And it would be contrary to the common understanding to say that musical instruments are included in household furniture.

The counsel relied on a class of cases where general expressions in wills have been very liberally construed according to the supposed intentions of the donors. But even in those cases there was nothing going so far as to include a piano as furniture. But even if it might be possible in construing a will, where the circumstances indicate an intention in the testator to bestow everything in his house, to give this general word that effect, we should still think that the general object and spirit of the provision of our constitution and statutes on the subject, would forbid it here. For though the influence of music and " the concord of sweet sounds " may, as counsel claimed, be of a refining and elevating character, and though it may add much to the pleasure of a home, still the object of the exemption laws was not to surround the debtor with all possible pleasures and enjoyments at the expense of his creditors, but simply to postpone the claims of justice to those of mercy, by leaving him what the constitution describes as the " necessary comforts of a home."

The class of articles mentioned in the statute in immediate connection with this general clause, which are plainly necessary for a family, show that by this clause the legislature intended to indicate other articles of a like nature. And the limitation of the value to two hundred dollars, which is less than the usual cost of a piano, shows that they could not have had reference to that instrument. The obvious design of this pro-

vision was to enable the debtor to select from the usual articles of furniture, such as chairs, tables, stands, &c., an amount of the value mentioned. But a piano is a thing of so peculiar and distinct a character, that it is clear from the manner in which this statute is drawn, that if the legislature had designed to exempt it, they would have specifically mentioned it.

It appeared in the case that the plaintiff was a pianist, and that he had taught music for pay within three months prior to the time of the seizure. We do not consider this sufficient to show that teaching music was at that time his business. On the contrary, the special and peculiar manner in which this fact is stated, would indicate that it was not. If that fact had appeared, it might have presented the further question, whether the instrument could have been claimed as exempt under the subsequent clause of the statute, which exempts the tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, and the library and implements of any professional man, not exceeding two hundred dollars in value. But as it is, the case does not present that question.

The judgment is affirmed, with costs.