BRADFORD FREEMAN *v.* CARLOS CARPENTER.

ORANGE,
*February,*
1838.

A two year old heifer, not with calf, is exempt from attachment and execution, if the debtor has no other cow.

TRESPASS, for taking a two year old heifer.

This case was submitted to the county court, upon the following statement of facts.

The defendant, as constable of Orange, in the spring of 1837, attached the heifer in question, at the suit of Currier & Bailey, who recovered a judgment in said suit, against the plaintiff, and took out a writ of execution thereon, and delivered it to the defendant, and the defendant, as constable as aforesaid, levied the execution upon the heifer, and sold her as the law directs, to satisfy said judgment. The heifer, when so taken and sold, was the only cow kind owned by the plaintiff, had never had a calf, nor was she with calf at the time of the taking, and was two years old in the spring of 1837. If, from these facts, the county court should be of the opinion that said heifer was exempt from attachment at the time when she was taken and sold, then the plaintiff should recover $9,50, damages, and his costs ; if otherwise— then the defendant to recover his costs.

The county court rendered judgment for the defendant, and the plaintiff excepted.

*N. Kinsman,* for plaintiff.

1. The plaintiff contends that the heifer was exempt from attachment, and that no other rational construction can be given to our statute. The court say, in the case of *Leavitt v. Metcalf,* 2 Vt. R. 342, that our statute, exempting certain property from attachment, is remedial, and must be liberally expounded in favor of humanity. This doctrine is sustained by the decision in the case of *Haskill* v. *Andros,* 4 Vt R. 609.

2. In the case of *Dow* v. *Smith,* 7 Vt. R. 465, the court decided that a two year old heifer was exempt from attachment and levy of execution. In that case, the heifer was with calf. The court, in their decision, went no farther than the case required them to go. It is believed, that there is no distinction, according to a correct construction of the statute, between that case and the present one.

*L. B. Peck*, for defendant.

The statute, by which the plaintiff claims the heifer to be exempted from execution, is in derogation of the common law rights of the creditor, and should not be extended beyond the plain intent and meaning of the legislature.

It is most obviously the object of the act, in exempting a man's last cow from attachment, to place beyond the reach of creditors that animal, which contributes so materially to the comfort and convenience of a family.

The animal no doubt is included in the exception for the sake of her milk, otherwise an ox or steer might as well have been exempted. The legislature, then, could not have intended by the term *cow*, a heifer, which is not, and may not for years be productive. If a two year old heifer, under such circumstances, falls within the statute, so does a heifer *calf* six weeks old. But neither is within the letter or spirit of the act. It is true, the court decided in *Dow* v. *Smith*, that a heifer *forward* with calf, is exempt from execution; but, it is believed, the court will not go any farther than that case goes.

The opinion of the court was delivered by

WILLIAMS, C. J.—It is to be regretted that we are so often called on to decide questions, arising under the statute in question. The courts have uniformly been disposed to give it a liberal exposition. The articles exempted are, generally, of small comparative value, and it would be productive of more unhappiness and distress to the debtor to permit them to be taken by attachment and execution, than of real substantial benefit to the creditor. The statute, in terms, exempts one cow from attachment and execution. Possibly, if it were a penal statute, it might be considered that the term only applies to the animal after she had brought forth a calf. This is, undoubtedly, not only the common, but the correct meaning of the term. In the case of *Dow* v. *Smith*, 7 Vt. R. 465, it was considered that the term made use of had, in this statute, a more extensive meaning, and included a heifer, adopting the definition which, in some dictionaries, and by some writers, is given to that term, to wit, a *young cow*. The decision in that case, must govern the one before us. If the court correctly decided that the exemption in the

statute extended to a heifer, or young cow, it cannot and ought not to be made a subject of inquiry whether she was, or was not forward with calf, or with calf at all. I presume this did not enter into the consideration of the court in making the decision. The correct definition of the term, heifer, is a female calf of the bovine species, from the end of the first year, until she has had a calf, and such animals, according to the decision before referred to, are exempt from attachment and execution, under the statute.

The judgment of the county court must be reversed, and judgment rendered for the plaintiff, to recover the sum of nine dollars and fifty cents, as agreed on by the parties.