## Atkinson et al. vs. Gatcher.

*Corn* is embraced by the clause of the statute which exempts from execution "all such *provisions* as may be on hand for family use."

The court properly left it to the jury to determine whether the whole of the corn which the defendant in the execution had on hand at the time of the levy was necessary for family use.

The defendant did not waive the benefit of the exemption by executing a delivery bond, he claiming the benefit of the statute at the time of the levy and sale, and protesting against both.

Provisions on hand for family use are exempt, whether the defendant have other property subject to execution or not, and he is not obliged to furnish the officer with an inventory of his provisions.

If a constable sell corn which is exempt from execution, against the consent of the defendant, he is a trespasser, and so is the plaintiff in the execution, if he direct the levy or sale.

Where an execution is directed to the constable of one township, and by order of the justice who issued it, the direction is changed, and the execution directed and delivered to the constable of another township, the amendment though irregularly made, does not render the process null and void.

Where an execution, regular upon its face, is directed to and placed in the hands of a constable of a township other than that in which the judgment is rendered, he has power, under the statute, to execute it any where in the county.

Instructions based upon evidence which has been excluded by the court, are out of place, and have nothing to rest on.

*Appeal from Columbia Circuit Court.*

Hon. Len B. Green, Circuit Judge.

Carleton, for the appellants.

An authority by the justice to alter a particular execution is good, though authority to alter any and all executions is void. *Pierce vs. Hubbard,* 10 *John R.* 405. The alteration by the constable at the instance of the justice was his act.

Justices of the peace have jurisdiction throughout the county, and so have constables to execute civil process. *Gould's Dig. sec.* 29, *p.* 254, *sec.* 34, *p.* 260.

The execution was on a judgment valid on its face, and therefore justified appellant, Atkinson, and should have been read in evidence. *Smith vs. Shaw,* 12 *John. R.* 257; 5 *Wend* 240.

Before a party can claim the benefit of the law exempting from execution he must render, under oath, to the officer, a schedule of all his effects. *Gould's Dig. sec.* 23, *p.* 503. He must affirmatively show that he is entitled to the benefit of the act. 14 *John. Rep.* 474.

The giving of bond for the delivery of the corn, and receiving credit on the execution, without objection, for the proceeds of its sale, were a waiver of the trespass, if any was committed.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was an action of trespass by John M. Gatcher against Wm. W. Atkinson and Elisha T. McClure, in Columbia Circuit Court, for taking and converting fifty bushels of corn.

The defendants pleaded not guilty and justification, in short by consent, there was a trial, and verdict against them for $46, a new trial refused them, and they excepted and appealed.

The corn was levied on and sold by the defendant Atkinson, as constable, under an execution, in favor of his co defendant, McClure, against the plaintiff, Gatcher.

Gatcher was a farmer, and had a wife and two or three children., When the corn was levied on, 30th November, 1858, he had but 85 bushels, which were not more than enough to support his family. He claimed that the whole of the corn was exempt from execution under the statute, as *provisions*, and forbid Atkinson to levy on it. But he levied on over fifty bushels of it, and Gatcher protesting that the corn was exempt from execution, gave a bond for its delivery on the 9th of December, 1858, the day fixed for the sale. The corn remained on his premises until the day of sale, when he again claimed that it

was exempt from execution, as *provisions,* and forbid the sale of it, but Atkinson sold it, and it was measured out to the purchaser, and taken away.

I. At the instance of the plaintiff, the court instructed the jury as follows: (1.) " If the jury find from the testimony that the defendant, Atkinson, took and sold corn belonging to the plaintiff, against the consent and protestation of plaintiff, and that the plaintiff, at the time of such taking and sale of the corn, did not have on hand more corn than was sufficient for family use, including the corn so taken and sold, they must find for the plaintiff against defendant, Atkinson, and also against defendant McClure, if they find that he instigated the taking and selling."

The statute exempts from execution " all such provisions as may be on hand for family use." *Gould's Dig. ch.* 68, *sec.* 23.

It is certainly not an unreasonably liberal construction of this statute, to hold that *corn,* so generally used in this country for bread, is embraced by the term *provisions.* Whether the plaintiff had on hand a surplus of corn, or only such quantity as was necessary for family use, was a question to be determined by the jury, from the evidence, and the instruction properly left it to them.

II. At the instance of the plaintiff, the court instructed the jury as follows:

(5.) " That the plaintiff is not estopped from a recovery and verdict herein, by the delivery bond read in evidence, if the jury find that he protested against the taking of the corn by levy, under the supposed execution, and protested against the sale of the corn under the supposed levy.

(6 ) " That the plaintiff is not estopped from a recovery and verdict, by the delivery bond read in evidence, unless the jury find there was a delivery under said bond."

And the defendants moved the following instruction, on the same point, which the court refused to give:

(4.) " If the jury believe from the evidence, that the plaintiff executed a bond for the delivery of the corn, to be sold at such

time and place as it was sold, he thereby waived his right to claim it as necessary provisions, and they may find for defendants."

The plaintiff was not estopped by the delivery bond from claiming the benefit of the exemption act. When Atkinson went to levy on the corn, the plaintiff claimed that it was exempt from execution, forbid the levy, and told him he would act at his peril. · He executed the delivery bond under protest, and on the day of sale, the corn remaining where it was when it was levied on, he did not consent for it to be sold, but again claimed the benefit of the exemption act, and forbid the sale. See *Norris et al. vs. Norton,* 19 *Ark.* 321; *Tumlinson vs. Swinney, ante.*

III. The defendants also moved the following instruction, which the court refused:

(6.) " If the jury believe from the evidence said corn was sold by virtue of the process specified in the delivery bond, they will find for defendants, unless they find that the plaintiff had no other property subject to execution, and further, before said sale, furnished said officer with a schedule under oath of his effects."

It was of no consequence whether plaintiff had other property subject to execution or not. The eighth clause of the statute exempts " all such *provisions* as may be on hand for family use," regardless of what other property the execution debtor may have.

The *fifth* clause of the statute exempts " all wearing apparel of the family, two beds with the usual bedding, *and such other house-hold and kitchen furniture as may be necessary for the family, agreeably to an inventory thereof, to be returned on oath, with the execution, by the officer whose duty it may be to levy the same.*"

It is under this clause of the statute that the inventory is to be made, and returned by the officer, and not under the *eighth.*

IV. The defendants also moved the following instruction, which was refused.

(5.) " If the jury believe from the evidence that the plaintiff

forbid the sale of the corn, and was opposed to it; yet if they further believe he has since sanctioned it by receiving a credit in the settlement of said debt for said sale, they will find for defendants."

*John Jeffrey* testified, that after the corn was sold, and the sum for which it sold credited on the execution, he settled the balance of the execution by giving his note for it. Plaintiff did not authorize him to make the settlement. Witness told him of the settlement, and he did not object, but never ratified it. Witness had paid the note. Plaintiff had never settled it with him, but witness expected that he would pay him.

This was the only evidence tending to show that plaintiff had sanctioned the sale of the corn, and compromised his right of action; and it was not sufficient to warrant the instruction above copied.

V. The defendants also moved the following instruction, which the court refused.

7. " Unless the jury believe from the evidence that defendants forcibly took and carried away the corn, they must find for the defendants."

This instruction was properly refused. If the corn was exempt from execution, and Atkinson sold it against the consent of the plaintiff, he was a trespasser; and so was the defendant, McClure, the plaintiff in the execution, if he directed the corn to be levied on, or sold. 1 *Chitty Plead.* 166, 185.

VI. The defendant offered in evidence the execution under which the corn was sold, which the court excluded, on objections made by plaintiff.

The judgment was recovered before *Clary*, a justice of the peace of *Alabama* township, Columbia county, in which township McClure and Gatcher both resided.

The execution was first issued 11th October, 1858, directed to the constable of *Alabama* township, and placed in the hands of *Holton*, the constable of the township, who levied it upon some cotton, which was released upon the claim of strangers, and the execution endorsed by Holton, *no property, etc.*

The justice renewed the execution on the 30th November, 1858, by endorsement, for twelve months. It seems that the renewed execution was in the hands of *Holton*, who refused to execute it; and McClure applied to the justice to issue an execution to defendant, Atkinson, who was constable of *Harrison* township, in the same county; and the justice told McClure to tell *Holton* to strike " *Alabama* " township from the execution in his hands, and insert " *Harrison*," which was accordingly done, and the execution thus changed and directed to the constable of *Harrison* township, was placed in the hands of Atkinson, who levied upon the corn, sold it, and returned the execution to the justice, etc.

The court excluded the execution on two grounds: 1st, that the change in the *direction* of the execution was not made in the presence of the justice, and that he could not delegate his power to another to change the process: 2d, that there being a constable in *Alabama* township, where the judgment was rendered, and where the defendant therein resided, the justice could not issue an execution to the constable of *Harrison* township, though the constable of *Alabama* township refused to act.

In *Price vs. Hubbard*, 10 *John. R.* 404, the court said that any general authority, by a justice to a constable, to fill up or alter process, would be void and highly improper; but where a constable, by direction of the justice, changed the date of a particular execution, by way of renewal, it was held that the process was not thereby invalidated, and that the constable might justify under it.

Here, the change was made in the execution, by direction of the justice, before it went into the hands of Atkinson to be executed; and though the change was irregularly made, we think the process was not null and void on that account.

Being, upon its face, directed to the constable of *Harrison* township, and having been placed in the hands of Atkinson, as such constable, he had power under the statute to execute it any where within his county. *Go. Dig., ch.* 35, *secs.* 34, 29.

It follows that the court erred in excluding the execution from the jury.

The 2d, 3d, 4th, and 7th instructions given by the court, at the instance of the plaintiff, in relation to the validity of the execution, were out of place and had nothing to rest on, the execution being excluded from the jury. So with the instructions moved by the defendant in regard to the validity of the process, and refused by the court.

For the error above indicated, the judgment must be reversed, and the cause remanded with instructions to the court below to grant appellants a new trial.