GEORGE NELSON v. JOHN FIGHTMASTER, *Sheriff of Oklahoma County.*

1. EXEMPTION—*Law Liberally Construed.* Exemption laws being remedial, beneficial, and humane in their character, will be liberally construed And when it does not clearly appear whether certain property is or is not embraced within the exempting statute, the debtor will generally be allowed the benefit of the doubt, and suffered to retain the property.

2. SAME. Under a statute exempting "one yoke of work oxen" a two year old steer, and a two year old bull. which have been yoked together a few times, and are being kept and intended by the owner for work oxen, are within the intent and purpose of the statute, and are exempt.

3. SAME—*Rule Applied.* Under a statute exempting "five milch cows" it appeared that the debtor owned two cows, which were giving milk, and three two year old heifers with calf. which had never been milked, but were being raised, kept, and intended for family use as milch cows; *held,* that the heifers are exempt.

4. SAME. A well boring apparatus and derrick, used for hire, and only occasionally used on the farm, is not exempt, under a statute exempting all implements of husbandry used on the homestead.

*Error from the District Court of Oklahoma County.*

*Redick, Lewis & Snyder,* for plaintiff in error.

*R. R. Connella,* for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: The only question presented by the record in this case is as to the proper interpretation of our exemption laws.

The plaintiff in error was the head of a family and a resident householder of Oklahoma county at the time of bringing this action. He was the owner of certain personal property which was levied upon by the sheriff to satisfy an execution issued out of the probate court of said county. Plaintiff claimed certain property as exempt, and began his action by injunction in the district court to restrain the sale of such property. The cause was tried by a referee, who found for the defendant, and the court confirmed the report, and gave judgment accordingly. '

The referee's finding as to the property in controversy shows that plaintiff was a head of a family, a householder, and a farmer, residing in Oklahoma county. That he was the owner of one sulky or cart, three horses, one bull, one two-year-old steer, three two-year-old heifers, two milch cows, one kettle, one well drill, two hundred bushels of wheat, over two hundred bushels of oats, and nine or ten hogs.

That the sheriff levied on fifty bushels of wheat, one hundred bushels of oats, and all the other property except two horses, two milch cows, and the hogs.

The only property in controversy in this court is the three heifers, the bull and steer, and the well drill. The referee further found that the bull and steer had at times had the yoke on; had been yoked a few times, but never worked. That the bull was used for breeding purposes, though the intention of plaintiff was to make work oxen of them, and that he had no other oxen.

' That the three heifers were about two years old, had never been milked, but were with calf, and plaintiff intended to keep them for milch cows. That the well

drill was at times used on the farm, but its particular use was for boring wells for other persons for hire.

He further found that none of this property was exempt. We are called upon to determine the correctness of this holding.

Section 2844, Statutes of 1893, is as follows:

"The following property shall be reserved to the head of every family residing in the Territory exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:

"First. The homestead of the family.

"Second. All household and kitchen furniture.

"Third. Any lot or lots in a cemetery held for the purpose of sepulture.

"Fourth. All implements of husbandry used upon the homestead.

"Fifth. All tools, apparatus and books belonging to and used in any trade or profession.

"Sixth. The family library and all family portraits and pictures and wearing apparel.

"Seventh. Five milch cows and their calves under six months old.

"Eighth. One yoke of work oxen, with necessary yokes and chains

"Ninth. Two horses or two mules and one wagon, cart or dray.

"Tenth. One carriage or buggy.

"Eleventh. One gun.

"Twelfth. Ten hogs.

"Thirteenth. Twenty head of sheep.

"Fourteenth. All saddles, bridles and harness necessary for the use of the family.

"Fifteenth. All provisions and forage on hand, or

growing for home consumption; and for the use of ex empt stock for one year.

"Sixteenth. All current wages and earnings for personal or professional services earned within the last ninety days."

Mr. Justice Brewer, in *Mallory v. Berry,* (16 Kan. 293,) said:

"It is well settled that exemption laws are to be liberally construed, though not of course that they should be so construed as to exempt articles obviously outside of the legislative purposes."

Mr. Freeman, in his valuable work on executions, in speaking of statutes of this character, appropriately says: (See § 208.)

"Because of their meritorious purposes and their remedial character, the courts have generally treated them with the utmost consideration, and have been inclined to extend rather than to restrict their operation. Hence, the rule is well supported, and is constantly growing in favor that exemption laws being remedial, beneficial and humane in their character, must be liberally construed. Whenever this rule prevails, and it does not clearly appear whether certain property is or is not embraced within the exempting statute, the debtor will generally be allowed the benefit of the doubt, and suffered to retain the property. Doubtless the courts will always distinguish between enacting and construing, and not undertake to supply omissions made by the legislature. This will not bind them to a literal interpretation, nor prevent them from realizing objects clearly within the purpose of the act, though not literally within its terms. Thus though a statute exempted a yoke of oxen, or a cow, or a team of horses, the courts will not construe these terms so literally as to deny the exemption of a steer, heifer, or unbroken colt, of which the debtor has become possessed in his efforts to obtain a yoke of oxen, a cow, or a horse, as the case may be; for the purpose to

exempt these under the circumstances is sufficiently man-ifest, though the literal words of exemption are not co-extensive with the signification given to them."

Applying these rules to the case under consideration what is the result? Our statute exempts "one yoke of work oxen, with necessary yokes and chains." The ref-eree found that the bull and steer had been yoked a few times prior to the levy, and it was the intention of the plaintiff to keep them for a yoke of work oxen; but he further finds that they had never been "worked," hence, they were not "work oxen." We think this application of the law defeats the purpose of the act, and not in har-mony with the intent and purpose of the legislature.

The purpose of the law is to exempt to the husbandman a pair of cattle, to be used for work; cattle of the class suitable for oxen, and that will make work oxen, and which it is the evident purpose of the claimant to use for that purpose. These cattle are of an age to enable them to do considerable work. They had been yoked and were intended for work cattle, and because the plaintiff had not yet brought them to that degree of control where they could be actually "worked," he should not be com-pelled to give them up.

In the case of *Berry v. Baldwin*, 18 N. W. 821, the supreme court of Minnesota, under a statute which ex-empts a yoke of oxen, held, that two two-year old steers that had never been yoked, but were being raised for oxen, were exempt from execution.

In *Mundell v. Hammond*, 40 Vt. 641, two calves less than a year old were held to be exempt under a stat-ute exempting a yoke of oxen or steers.

The only distinction between these statutes and ours is that they use the term "yoke of oxen," while ours uses the term "yoke of work oxen." We think they both

mean the same. A yoke of oxen means a pair of cattle used for work, suitable for work; that are fit for working together. A yoke of work oxen means the same thing. And we do not think the word "work," as here used, was intended to have any peculiar qualifying effect different from what is meant ordinarily by "a yoke of oxen." Of course if they were used entirely for exhibition or display a different rule would apply.

Justice Brewer fittingly says in the Kansas case cited, *supra:*

"Under the ruling of the district court, a poor man, unable to purchase a yoke of oxen already broken and trained to work, who should purchase a couple of young, unbroken cattle, although' old enough to be worked, intending to break them himself and thus save the expense, could not hold them exempt; while his more prosperous neighbor, who can afford to pay the added cost of breaking, buys a yoke of cattle already broken, and holds them against his creditors. This does not seem like carrying out the spirit of the exemption law, which was intended for the benefit of the poor man, and should be construed as to secure protection to those most in need of it."

We think the district court erred in holding that the bull and two-year-old steer were not exempt.

The next question is whether or not the three heifers are exempt. The court below held that inasmuch as they had never been milked and had never had calves, that they were not exempt.

It was found that the plaintiff had two other cows that were used for milch cows, and that the three heifers were with calf, and were being raised and kept to be used as milch cows.

In *Corruth v. Grassie,* 11 Gray, 211, under a statute exempting one cow, a heifer twenty months old, and not

with calf, and never having been milked, was held ex-
empt, it appearing that the owner was raising it for his
family cow. Under a like statute in *Dow v. Smith*, 7
Vt. 465, a heifer with calf was declared exempt. And
in the later case of *Freeman v. Carpenter*, 10 Vt. 433,
a heifer not with calf was adjudged exempt.

Freeman on Execution, § 230, says:

"It is also insisted that when the law exempts a thing,
it impliedly authorizes the debtor to obtain that thing on
the most advantageous terms within his reach. Therefore
it is claimed that the exemption of a cow implies that the
debtor may procure one by buying and raising a heifer."

And this position seems to be sustained by authority.

It is true our statute exempts "milch cows," but to
hold to the letter of the law would be to subject a milk
cow to levy and sale as soon as she became "dry," so that
the same cow would be exempt one season of the year,
and subject to levy at another season. This is not the
intention of our statute. It is intended to exempt to
each head of a family five cows, suitable for, intended to
be used for, and kept for, milch cows. The fact that
such cow is not actually giving milk is not material; nor
will it defeat the right of exemption, that she has never
actually given milk. The claim of plaintiff that he was
raising and keeping these heifers to be used as milch
cows is corroborated by the fact that the heifers had been
bred, and were with calf. It is not usual to breed beef
cattle, or cows raised for the market. And we think
under the facts found, these heifers comes as much within
the spirit and intention of the law as if they had been
actually giving milk at the time of the levy. It follows,
therefore, that the district court erred in holding that
they were not exempt.

As to the well drill and derrick upon which it was supported, we think the district court properly held that it was not exempt, as an implement of husbandry used upon the homestead, and it does not appear that it was claimed on any other ground.

In our opinion, the legislature meant by the words "all implements of husbandry used upon the homestead" such implements as are required and used by the farmer in conducting his own farming operations, and it was not intended that all machinery which a farmer may own, should be exempt. Such articles as he keeps for hire, or uses chiefly by renting out, and only uses to a slight extent on his own farm, as the boring of one well, are not within the terms of the statute. See *In re Baldwin*, 12 Pac. 44, where it was held that a threshing outfit was not exempt as "implements of husbandry."

The case is remanded to the district court with directions to modify the judgment and render same in accordance with this opinion, and that the defendant pay the costs of appeal.

Scott, J., having presided in the court below, not sitting; all the other justices concurring.