## PHELAN v. LACEY *et al.*

No. 5257.   Opinion Filed September 28, 1915.

(151 Pac. 1070.)

1.   **EXEMPTIONS—Construction of Statute—Determination of Doubt.** Exemption laws should be liberally construed in favor of the exemptions; and, where there is a doubt as to whether or not the property is exempt, the doubt should be resolved in favor of the exemption.

2.   **EXEMPTIONS—Property Subject—"Provisions."** Chickens and ducks on hand or growing for home consumption are exempt under subdivision 15, sec. 3342, Rev. Laws 1910, providing "all provisions and forage on hand, or growing for home consumption, and for the use of exempt stock for one year."

(Syllabus by Dudley, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by J. P. Phelan against Nicholas Lacey and another.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*Wm. L. McCann,* for plaintiff in error.

*Wm. P. Harper,* for defendants in error.

Opinion by DUDLEY, C.   Plaintiff in error levied on 18 chickens and 35 ducks belonging to the defendants in error under an execution on a judgment against them in his favor.   Their motion to quash the execution on the ground that the property seized was exempt was sustained.   He saved exceptions and has brought the case here for review.

Defendants in error are husband and wife, and it is contended that the property seized is exempt to them if it comes within the purview of subdivision 15 of section

3342, Rev. Laws of 1910, on exemption, which is as follows:

"All provisions and forage on hand, or growing for home consumption, and for the use of exempt stock for one year."

Eliminate all that part of this subdivision which refers to the forage and exempt stock, and it reads:

"All provisions on hand or growing for home consumption."

Are chickens and ducks on hand or growing for home consumption "provisions," within the meaning of the foregoing statute? If so, they are exempt; otherwise not. Exemption laws should be liberally construed; and, where there is a doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of the exemption. *Nelson v. Fightmaster,* 4 Okla. 38, 44 Pac. 213. A recognized test in determining whether the property claimed as exempt as provisions should be so exempted is to ascertain whether the property was provided and intended to be used as provisions for the family, and, if so, whether it is adapted to that purpose. In 2 Freeman on Executions (3d Ed.), sec. 233, under the head "Provisions for Family Use," it is said:

"The only test is to inquire whether the articles claimed as exempt were provided and intended as provisions to support the family. If they were so provided, and are adapted to the purpose for which the debtor intends them, they are exempt, though they may exist in the form of vegetables yet to be dug from the soil or of corn yet to be severed from the stalk"—citing *Mulligan v. Newton,* 16 Gray. (Mass.) 211; *Carpenter v. Herrington,* 25 Wend. (N. Y.) 370, 37 Am. Dec. 239.

And further on in the same section it is said:

The question to be submitted to the court or jury is whether, under the circumstances, the food or provision provided by the defendant and claimed as exempt is such as a provident man would ordinarily keep on hand. If so,, they are exempt"—citing *Ward v. Gibbs,* 10 Tex. Civ. App. 287, 30 S. W. 1125; *Burris v. Booth* (Tex. Civ. App.) 40 S. W. 186.

The record shows that the defendants in error were using and intending to use these chickens and ducks as a provision for their family. As to this there is no controversy. Are they adapted to such purpose? We think so. Chickens and ducks are largely used by the common people of this country as a food. That they are desirable as a food there can be no question. Applying the foregoing test to the liberal construction that should be given exemption laws, we conclude that the chickens and ducks seized were provisions on hand and growing for home consumption, and are therefore exempt under the foregoing subdivision of our statute on exemptions.

Counsel for plaintiff in error insists that the provisions contemplated by the statute under consideration refer to provisions ready for cooking, such as flour, meat, meal, etc. Such construction would be narrow and strained, because the statute refers to provisions on hand and growing. The Supreme Court of Arkansas, in the case of *Atkinson v. Gatcher,* 23 Ark. 101, held that corn in the field was exempt as a provision, notwithstanding the fact that it had to be converted into meal before it could be used as such. This court held in the case of *Cook v. Fuller,* 35 Okla. 339, 130 Pac. 140, 44 L. R. A. (N. S.) 76, Ann. Cas. 1914D, 507, that a piano was exempt as household and kitchen furniture. The Legislature certainly recognized that chickens and ducks were provisions within the meaning of the foregoing section.

The judgment of the trial court should be affirmed.

By the Court:  It, is so ordered.