In re Rodney James **LUCKINBILL**,
Debtor.

No. CIV–93–2136–A BK.
Bankruptcy No. 93–10865–BH.

United States District Court,
W.D. Oklahoma.

Feb. 7, 1994.

Mary C. Coulson, Spradling Alpern Friot Gum & Scoggins, O. Clifton Gooding, Gooding Mulinix & Belanger, Oklahoma City, OK, for First Capital Bank Of Guthrie, Oklahoma.

Phillip J. Tucker, Edmond, OK, for Rodney James Luckinbill.

### ORDER

ALLEY, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Oklahoma. There is a single issue for resolution: whether the bankruptcy court erred in canceling a creditor's non-possessory, non-purchase money security interest in five Hereford cows and

five calves owned by the debtor based on an exemption for "milk cows," as authorized by Okla.Stat. tit. 31, § 1(A)(10) and 11 U.S.C. § 522(f)(2). Upon review of the applicable law, the Court rules that the bankruptcy court did err, and its decision is reversed.[1]

First Capital Bank, Guthrie, Oklahoma ("First Capital") was granted a non-possessory, non-purchase money interest in several items of personal property held by debtor, Rodney James Luckinbill.[2] These items included five Hereford cows and their five calves. Although it is physically possible to milk the Hereford cows in question, debtor has admitted that the cows are "beef" or "meat" breeds rather than "milk" breeds. Debtor milks the cows only after they have calved, and uses the milk to feed the new calves. Debtor does not attempt to use the milk for personal or family consumption, nor does he sell it for commercial consumption.

■ Under 11 U.S.C. § 522(f)(2), a debtor may avoid liens on certain personal property that is exempt under state law. Pursuant to Okla.Stat. tit. 31, § 1(A)(10), the following property is exempt:

> Five milk cows and their calves under six (6) months old that are held primarily for the personal, family or household use of such person or a dependent of such person.

Okla.Stat. tit. 31, § 1(A)(10). The bankruptcy judge found that "the only evidence is that the cows do give milk, and I don't know of any order or anything that says it has to be milk for human use." Tr. at 15. He subsequently issued a judgment avoiding lien, and it is from this judgment that First Capital appeals. Thus, the Court must determine whether debtor's "Hereford cows" fall within § 1(A)(10)'s definition of "milk cows" such that debtor is entitled to the Oklahoma exemption.[3]

It is First Capital's position on this appeal that the Hereford cows are not milk cows held primarily for personal use as required by the statute. First Capital argues that § 1(A)(10) is intended to apply only to milk cows in general, as opposed to beef cattle or other cows that might be physically capable of giving milk. First Capital has submitted excerpts from industry treatises indicating that the ordinary meaning of "milk cow" is a cow bred to give milk rather than to be used or sold for meat, and, further, that Herefords have been bred as beef cattle and not for milk production. See J. Campbell & J. Lasley, *The Science of Animals that Serve Mankind* 5, 6 (2d ed.); V. Porter, *Cattle: A Handbook to the Breeds of the World* 62. Debtor, on the other hand, maintains that the Hereford cows qualify for the exemption as milk cows because they are capable of giving milk, albeit that milk is not used for human consumption and is used for the benefit of the calves.

The only specific application of the exemption for "milk cows" that the Court has located is the case of *Nelson v. Fightmaster*, 4 Okla. 38, 44 P. 213 (1896). In that case, the Oklahoma Supreme Court ruled that where a debtor owned two cows that were giving milk, and three two-year old heifers with calf that had never been milked but were being raised, kept and intended for family use as milk cows, the heifers qualified for an exemption under § 1(A)(10)'s predecessor exemption statute. *Id.* 44 P. at 215. According to the court:

---

1. In reviewing a bankruptcy court's decision, the Court functions as an appellate court and is authorized to affirm, reverse or modify the bankruptcy court's ruling or to remand the case for further proceedings. *In re Gammon*, 155 B.R. 15, 16 (W.D.Okla.1993). The Court is bound the accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Mullet*, 817 F.2d 677, 678–79 (10th Cir.1987). The Court must review the bankruptcy court's purely legal determinations *de novo*. *Id.*

2. As this appeal presents a purely legal issue, the procedural history underlying this action will not be stated.

3. "Oklahoma courts have long taken the position that exemption statutes are to be liberally construed." *In re Fisher*, 11 B.R. 666, 668 (Bankr. W.D.Okla.1981). Where there is doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of exemption. *Id.*; *Phelan v. Lacey*, 51 Okla. 393, 151 P. 1070 (1915). *But see In re McKaskle*, 117 B.R. 671, 674 (Bankr.N.D.Okla.1990) ("This does not mean they must be stretched as far as possible in favor of debtors."); *In re Helmuth*, 92 B.R. 494, 498 (Bankr.N.D.Okla.1988) ("Oklahoma case law has construed and applied exemptions in a reasonably limited manner.").

[The statute] is intended to exempt to each head of a family five cows, suitable for, intended to be used for, and kept for, milch cows. The fact that such cow is not actually giving milk is not material, nor will it defeat the right of exemption that she has never actually given milk. The claim of plaintiff that he was raising and keeping these heifers to be used as milch cows is corroborated by the fact that the heifers had been bred, and were with calf. It is not unusual to breed beef cattle, or cows raised for the market; and we think, under the facts found, these heifers come as much within the spirit and intention of the law as if they had been actually giving milk at the time of the levy.

*Id. Nelson* established that § 1(A)(10) is intended to provide an exemption only for cows that are "suitable for, intended to be used for, and kept for, [milk] cows." *Id.* Such cows were specifically distinguished from cows bred for beef or raised for the market. *Id.*

In this case, it is undisputed that debtor's cows are "Hereford cows" rather than "milk cows." *See* V. Porter, *Cattle: A Handbook to the Breeds of the World,* 62 ("The Hereford is probably the most numerous and widely distributed beef breed in the world."). It is further uncontested that the milk of the cows is used solely to feed calves. There is no evidence indicating that the Hereford cows are being bred, raised or used as "milk cows," as that term is ordinary defined. Furthermore, debtor has presented no evidence that the cows are being "held primarily for the personal, family or household use" of debtor or his dependents. *See* Okla.Stat. tit. 31, § 1(A)(10); *Nelson,* 44 P. at 215; *see generally In re Wiford,* 105 B.R. 992 (Bankr.N.D.Okla.1989) (Debtors were not entitled to claim exemption in hogs or their proceeds under Okla.Stat. tit. 31, § 1(A)(15) where debtors raised and sold swine as source of income and disposed of them for income; exemption is provided for hogs held primarily for personal, family, or household use); *In re Cass,* 104 B.R. 382 (Bankr. N.D.Okla.1989) (Debtors who ran horse breeding business could not claim horses under exemption for property held primarily for personal, family or household use under Okla.Stat. tit. 31, § 1(A)(12), though horses were sometimes used as pets or riding animals, in that their main value to debtors was as profitable stud animals). Accordingly, the Hereford cows at issue in this case do not qualify for the exemption under Okla.Stat. tit. 31, § 1(A)(10). The judgment of the bankruptcy court on this issue is hereby REVERSED.

It is so ordered.