**In re Randall Eugene HALL a/k/a Randy Hall, and Christie Gale Hall p/k/a Christie Jenkins, Debtors.**

**Bankruptcy No. 94–00559–W.**

United States Bankruptcy Court, N.D. Oklahoma.

July 8, 1994.

Michelle Matthews, Tulsa, OK, for debtors.

George Phillips, Tulsa, OK, for Beneficial OK, Inc.

### ORDER DENYING DEBTORS' MOTION TO AVOID LIEN

MICKEY DAN WILSON, Chief Judge.

On April 21, 1994, this contested matter came on for hearing, and thereafter was taken under advisement. Upon consideration of evidence received, of statements and arguments of counsel, and of the record herein, this Court, pursuant to F.R.B.P. 7052 and 9014, finds, concludes, and orders as follows.

### FINDINGS OF FACT

On February 28, 1994, Randall Eugene Hall and Christie Gale Hall ("debtors") filed their joint voluntary petition for relief under 11 U.S.C. Chapter 7 in this Court. With their petition, debtors filed statements and schedules as required by 11 U.S.C. § 521(1) and appropriate Bankruptcy Rules and Official Forms. Debtors' "Schedule B—Personal Property" reported debtors' ownership of the following assets: "Cash on hand" of $5; "Household goods and furnishings ..." including "living room furniture," "bedroom furniture," "dining room furniture," "washer," "dryer," "JVC Remote Control TV" and "refrigerator" valued at $405 total; "clothing" valued at $100; "... [S]ports, photographic, and other hobby equipment" consisting solely of "fishing gear" valued at $35; three cars; no "Farming equipment and implements"; and "Other personal property ..." consisting of a "chain saw" valued at $50, a "lawnmower" valued at $75, and "all other personal property" valued at $30. Debtors' "Schedule C—Property Claimed Exempt" claimed most of said personalty as exempt, but made *no* claim of exemption as to the fishing gear, one of the cars, the chain saw, and the lawnmower. These schedules, together with debtors' "Schedule D—Creditors Holding Secured Claims," indicated that a creditor named "Beneficial Finance" held a security interest in debtors' "furniture, lawnmower, chainsaw, [and] fishing gear," securing a debt of approximately $2,500. "Beneficial Finance" appears to be Beneficial Oklahoma, Inc., hereinafter referred to as "Beneficial." To date, debtors have made no amendments to these original statements and schedules.

On March 1, 1994, debtors filed their "Motion to Avoid Lien of Beneficial ... Impairing Exemption." This document sought avoidance pursuant to 11 U.S.C. § 522(f)(2) of Beneficial's security interest in "Household goods, including furniture, lawnmower

and chainsaw." On March 30, 1994, Beneficial filed its "Objection ..." thereto, and the matter was set for hearing.

At hearing, it appeared that debtors owned personal property not disclosed, inadequately disclosed, or significantly undervalued in their schedules, including sports, exercise and recreational equipment; hunting and camping equipment; radio, video and photographic equipment; miscellaneous workshop tools and equipment; and one Montgomery Ward "garden tractor" of a value of approximately $500. The last-named item was the one referred to in debtors' schedules as "lawnmower" and valued therein at $75.

The parties now dispute only the treatment of the "garden tractor" or "lawnmower."

### CONCLUSIONS OF LAW

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (K), (O), 11 U.S.C. § 522.

Debtors seek to avoid Beneficial's lien by authority of 11 U.S.C. § 522(f)(2). This statute provides in pertinent part that "the debtor may avoid the fixing of a lien ... to the extent that such lien impairs an exemption ... if such lien is ... a security interest in ... household furnishings, household goods, ... [or] appliances ..." The exemption referred to is "an exemption to which the debtor would have been entitled under subsection (b) of this section ..." 11 U.S.C. § 522(b) in turn operates, in conjunction with 31 O.S. § 1(B), to make available to debtors in bankruptcy only those exemptions created by non-bankruptcy Federal and Oklahoma State law. These include pre-eminently the Oklahoma exemptions found at 31 O.S. § 1(A). As a result, a lien may be avoided under Federal law, i.e. under 11 U.S.C. § 522(f)(2), only if the collateral to which the lien attaches is exempt under State law, i.e. under 31 O.S. § 1(A).

Property can be exempt in bankruptcy only if it is claimed as exempt, by listing it as claimed exempt pursuant to 11 U.S.C. § 522(l), F.R.B.P. 4003(a), Official Form 6. Here, debtors never claimed the disputed item as exempt—whether as a "garden tractor," "lawnmower," or anything else.

Since debtors never claimed the disputed item as exempt, it is not exempt.

But even if debtors had claimed this item as exempt, such claim of exemption could not be sustained. 31 O.S. § 1(A) allows exemption of various categories or types of items. These categories are specified in various subdivisions of 31 O.S. § 1(A). Since debtors have not claimed the item as exempt at all, they have not claimed it exempt under any particular category or subdivision of 31 O.S. § 1(A). In their motion to avoid lien, debtors refer to "household goods;" and at trial, debtors by their attorney suggested that the item might be exempt under 31 O.S. § 1(A)(3). However, 31 O.S. § 1(A)(3) does not use the term "household goods." 31 O.S. § 1(A)(3) allows exemption of "All household and kitchen furniture ..." As this Court has previously held, "Lawnmowers ... are not 'furniture' within the common, reasonable meaning of the term," In re McKaskle, 117 B.R. 671, 675 (B.C., N.D.Okl.1990). This is certainly true of the big vehicular riding-mower in the present case. No one points to a tractor and calls it "furniture." Neither do debtors or their attorney—Schedules B, C and D all distinguish the "lawnmower" from the "furniture;" and so does debtors' motion to avoid lien. Courts are authorized to liberally construe exemption statutes; they are not authorized to rewrite them. Oklahoma caselaw has interpreted Oklahoma exemptions to protect those items, of the types "definitely classified" in the statute, which are "used for maintaining the home ... and reasonably necessary for such use," Security Building & Loan Ass'n v. Ward, 174 Okl. 238, 242, 243, 50 P.2d 651 (Okl.1935). But Oklahoma caselaw has not authorized the exemption of anything and everything, even if not "definitely classified" in the statute, which might be "used for maintaining the home" or even "reasonably necessary for such use." In practice, according to the rule of liberal construction, Oklahoma courts take a rather indefinite view of what is "definitely classified"—that is, any ambiguity in the statutory classification or other doubt should be resolved in favor of exemption, In re McKaskle, 117 B.R. p. 674. But here, there is no ambiguity, and no doubt. The item in

question here is not "furniture" according to any reasonable usage of that term. Therefore, it is not exempt under 31 O.S. § 1(A)(3).

This Court declines to follow *In re Adkins*, 121 B.R. 393 (B.C., N.D.Okl.1990), which gives "furniture" a meaning that the word just does not bear, and in any event did not consider the extreme facts of the case now before this Court; and *In re Davis*, 134 B.R. 34, 40 (B.C., W.D.Okl.1991), which effectively abandons the statutory categories in favor of a generalized inquiry into "usefulness" or "necessity."

Since the item in question here is not exempt as "furniture" under 31 O.S. § 1(A)(3), it makes no difference whether or not it is a "household furnishing" or "household good" or "appliance" under 11 U.S.C. § 522(f)(2). The broad field of 11 U.S.C. § 522(f)(2) can only be reached through the narrow gate of 31 O.S. § 1(A)(3). Debtors have failed to pass the gate.

Beneficial's lien does not impair an exemption to which debtors would have been entitled. Accordingly, debtors' motion to avoid Beneficial's lien on an item variously described as a "garden tractor" or "lawnmower" must be and is hereby denied.

AND IT IS SO ORDERED.