**In re Jerry Don PAYNE and Carolyn Sue Payne, Debtors.**

**Bankruptcy No. 97–03512–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

Nov. 13, 1997.

Robert Todd, Tulsa, OK, for Debtors.

Scott Lehman, Tulsa, OK, for Defendant.

## MEMORANDUM OPINION

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Motion to Avoid a Lien of Beneficial Oklahoma, Inc. (the "Motion") filed by Jerry Don Payne ("Mr. Payne") and Carolyn Sue Payne ("Ms. Payne"), Debtors herein, on August 29, 1997. In the Motion, debtors request an order of the Court avoiding the lien of Beneficial Oklahoma, Inc. ("Beneficial") on certain hand tools and two lawn mowers which Debtors claim as exempt.

Beneficial objected to the Motion, arguing that the Debtors were not entitled to claim the property at issue as exempt. An evidentiary hearing was held on the matter on October 14, 1997. Mr. and Ms. Payne appeared at the hearing and were represented by their attorney, Mark Hardin. Beneficial appeared by and through its attorney, Scott Lehman. The Court received evidence in the form of testimony and exhibits. Beneficial submitted its post-trial brief on October 23, 1997, and the matter was taken under advisement. The following findings of fact and conclusions of law are made pursuant to Bankr.R. 7052 and Fed.R.Civ.P. 52.

### Jurisdiction

■ The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).[1] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(B), (K) and (O), and 11 U.S.C. § 522(f).[2]

### Findings of Fact

Debtors filed their voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code on July 31, 1997. Mr. Payne is a machinist for Dover Norris and uses some of his own hand tools in his employment. Ms. Payne is an Assistant Manager for Tulsa Clearing House Association. Neither claims to be either a full-time or a part-time farmer. The Debtors have claimed their 1.25 acre residence as an exempt homestead without objection. As is the case with most residences, the Debtors have a grass lawn which requires maintenance.

Prior to the filing of their case, Debtors granted Beneficial a non-possessory and non-purchase money security interest in certain items personal property, including a Toro Lawnmower (the "push mower"), a Craftsman Lawn Tractor (the "riding mower") and various Craftsman and Mack Hand tools (the "hand tools"). Mr. Payne testified that the hand tools were necessary to and used by him in his employment as a machinist. Mr. Payne also testified that it takes approximately two (2) hours to mow the majority of his property with the riding mower. Use of the push mower is required in order to mow in "tight spots"; i.e., ditches and around trees, which cannot be maintained with the riding mower. Mr. Payne estimated that it would take him one (1) to two (2) days to mow his property using the push mower alone. Failure to properly maintain the lawn would likely lead to a nuisance citation by the local authorities.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Conclusions of Law

In the Motion, Debtors seek to avoid the lien of Beneficial in these items pursuant to

---

**1.** Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 1997).

**2.** The federal exemption statute under 11 U.S.C. § 522(d) does not apply in this case since Okla-

homa has chosen to opt out of the federal exemption statute pursuant to 522(b) and applies its own exemption statute i.e., Okla.Stat.Ann. tit. 31, § 1 et seq. (West 1991 & Supp.1998).

11 U.S.C. § 522(f). The lien held by Beneficial is a nonpossessory, non-purchase money lien. Debtors will be able to avoid the lien of Beneficial on the hand tools and lawn mowers if they are exempt property under Oklahoma law as provided by Okla.Stat.Ann. tit. 31, § 1 et seq. (West 1991 & Supp.1998).

### 1. Hand Tools as Tools of the Trade

■ Beneficial admits that the hand tools are properly exempt as "tools of the trade" under Okla.Stat. Ann. tit. 31, § 1(A)(6) (West 1991 & Supp.1998). *See Creditor's Brief in Response to Motion to Avoid Lien of Beneficial of Oklahoma,* p. 1 (conceding that the Mack hand tools are tools of the trade). Accordingly, Debtors are entitled to avoid the lien of Beneficial upon the hand tools.

### 2. Lawnmowers

At issue are the riding mower and the push mower. Debtors claim that both lawnmowers may be exempted as "household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person" under Okla. Stat.Ann. tit. 31, § 1(A)(3), or, in the alternative, as "[i]mplements of husbandry necessary to farm the homestead" under Okla. Stat.Ann. tit. 31, § 1(A)(5). The Court accepts the first argument, and rejects the second.

### A. Implements of Husbandry

■ The Oklahoma exemption statute states that "[i]mplements of husbandry **necessary to farm** the homestead" are exempt. Okla.Stat. Ann. tit. 31, § 1(A)(5) (West 1991 & Supp.1998) [emphasis added]. Neither of the Debtors claims to be engaged in farming on either a part-time or a full-time basis. Furthermore, the Court does not consider the process of mowing one's lawn to be "farming." If it were, then virtually every person who cuts his or her lawn would legally be a "farmer." *But see In re Wiford,* 105 B.R. 992, 1001 (Bankr.N.D.Okla.1989) (lawnmower exempt as an "implement of husbandry" even though not used in farming, but rather for "domestic use"). This Court respectfully disagrees with the *Wiford* analysis,

for it does not consider the mowing of a domestic lawn to constitute "farming."

### B. Household and Kitchen Furniture

Under the Oklahoma exemptions all household and kitchen furniture held for personal, family or household use may be claimed as exempt. Okla.Stat.Ann. tit. 31, § 1(A)(3) (West 1991 & Supp.1998). The first question is whether lawnmowers may be considered "household furniture" for purposes of the statute. If the answer to the first question is yes, the Court must next determine whether these Debtors are entitled to claim not one, but two, lawnmowers as exempt.

The Oklahoma statutes do not give examples of what type of items constitute household goods and furniture. One court has observed that

> [a]lthough there is very little Oklahoma case law regarding the application of the exemption to particular items of personal property, the Oklahoma Courts have long taken the position that exemption statutes are to be liberally construed. In fact, the Oklahoma Supreme Court has stated on more than one occasion that where there is a doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of the exemption.

*In re Fisher,* 11 B.R. 666, 668 (Bankr. W.D.Okla.1981) (citing *Phelan v. Lacey,* 51 Okla. 393, 151 P. 1070 (1915), and *Nelson v. Fightmaster,* 4 Okla. 38, 44 P. 213 (1896)). The *Fisher* Court held that the meaning of the word furniture should not be so limited as to exclude "mechanic devices" when interpreting the exemption statute. *In re Fisher, supra,* (citing *Swisher v. Clark,* 202 Okla. 25, 209 P.2d 880 (1949)) (holding vacuum cleaners and air conditioners to be exempt as household furnishings).

■ Perhaps the best guidance on the scope of the term "furniture" is found in the following language contained in an opinion of the Oklahoma Supreme Court:

> The purposes of the exemption statute are to prevent improvident debtors from becoming subjects of charity by preserving to them sufficient definitely classified property that they maintain a home for them-

selves, and to prevent inconsiderate creditors from depriving them of the necessities of life. It is the duty of the court to so apply these exemption statutes to accomplish these purposes.

*Security Building & Loan Ass'n v. Ward,* 174 Okla. 238, 50 P.2d 651, 657 (1935). The *Ward* decision suggests a flexible definition of furniture, with an emphasis upon those items *"necessary to furnish a suitable home in which the defendant might maintain his family." Id.* (emphasis added). Even though lawnmowers may not fall within everyone's definition of the word furniture, they are necessary to maintain the household of a debtor, the same as vacuum cleaners and air conditioners are necessary in today's day and age to run a household. The primary purpose behind the Bankruptcy Code is to insure that debtors are afforded a 'fresh start.' To classify household and kitchen furniture narrowly would undermine this purpose. "Society has been changing ...," and goods which are considered essential to the running of a household today were not so considered, or did not exist, at the time the exemption statute was enacted. *See In re Ratliff,* 209 B.R. 534, 535 (Bankr.E.D.Okla. 1997) (exempting a home computer).

As both the Debtors and Beneficial have pointed out, "[d]ifferent rulings have been made by the bankruptcy judges within the three federal judicial districts in Oklahoma, and even by bankruptcy judges within the same district." *In re Davis,* 134 B.R. 34, 37 (Bankr.W.D.Okla.1991); *see also In re Richardson,* No. 93–71511, 1994 WL 924307, at *2 (Bankr.E.D.Okla.1994); *see also Creditor's Brief in Response to Motion to Avoid Lien of Beneficial, Oklahoma Inc.,* p. 2; *see also Debtors' Brief in Support of Motion to Avoid Lien of Beneficial of Oklahoma Inc.,* p. 3. The Court finds itself in the unique position of being presented with ample authority to support the position of either litigant in this matter. The Court must decide whether to narrowly construe the Oklahoma exemption statutes or include in the definition of "household goods" those items which are truly necessary for the maintenance of the household; in this case, the items necessary for the maintenance of the homestead. This Court adopts the more liberal approach concerning the exemption statute and holds both lawn mowers to be exempt.

At least three bankruptcy courts in this state have ruled that debtors should be allowed to claim as exempt equipment necessary to maintain their homestead, including a lawn mower.

> As to the lawn equipment, the court is of the view that one lawn mower is reasonably necessary to the maintenance of the household, if for no other reason than that during the growing season an unmowed lawn rapidly becomes a nuisance which may be abated by the municipality at the property-owner's expense.

*In re Davis,* 134 B.R. 34, 40 (Bankr. W.D.Okla.1991) (Lindsey, J.). Judge Covey held a lawnmower to be exempt because it was "used to make the home more habitable, convenient and agreeable and, therefore c[ould] be classified as furniture." *In re Adkins,* 121 B.R. 393, 394–395 (Bankr. N.D.Okla.1990). Judge Cornish has ruled that a debtor may properly exempt a lawnmower as "household furniture" under the Oklahoma exemption statutes. *In re Hallmark,* Case No. 94–70229, mem. op. at 2 (Bankr.E.D.Okla. May 4, 1994).

As it makes this ruling, the Court notes the contrary authority in this district. Judge Wilson defined the term furniture narrowly, and refused to hold lawnmowers exempt on at least two occasions, holding that "[l]awn mowers ... are not 'furniture' within the common, reasonable meaning of the term." *In re McKaskle,* 117 B.R. 671, 675 (Bankr. N.D.Okla.1990); see also *In re Hall,* 169 B.R. 732, 734 (Bankr.N.D.Okla.1994). However, in each of those cases, Judge Wilson noted that the debtors were guilty of some form of inequitable conduct which was in and of itself cause to deny the claimed exemption. *See In re McKaskle,* 117 B.R. at 675 (debtor lived in an apartment without any need for a lawnmower); *In re Hall,* 169 B.R. at 734 (debtors undervalued items claimed as exempt and specifically failed to claim lawnmower as exempt). To the extent it stands for the proposition that tools necessary for the maintenance of the homestead or household may not be claimed as exempt as "furniture," this

Court respectfully disagrees with the *McKaskle* analysis.

Beneficial argues that the riding mower should not be allowed as exempt because a riding lawnmower is a luxury, which many people cannot afford. *See Creditor's Brief in Response to Motion to Avoid Lien of Beneficial of Oklahoma Inc.* at 4–5. Beneficial further argues that the Debtors should not be allowed to exempt two (2) lawmowers. *Id.* at 5. This Court disagrees. The Debtors in this case have demonstrated a need for both the riding mower to mow the majority of the lawn and the push mower to mow in tight spots and ditches. The alternative is to require the Debtors to claim the push mower as exempt and spend in excess of one full day a week doing nothing but mowing the lawn, or claim the riding mower as exempt and not have the ability to maintain the lawn in its entirety. This Court finds that both the riding lawn mower and the push mower are reasonably necessary for the maintenance of the Debtors' homestead and to avoid nuisance citations by the city.