## WILLIAM KEHL v. WILLIAM A. DUNN.

*Exemptions—Piano.*

A piano cannot be classed as "household goods, furniture, or utensils," within the meaning of How. Stat. § 7686, subd. 7, which exempts to each householder, from levy and sale under any execution, or upon any final process of a court, "all household goods, furniture, and utensils, not exceeding in value $250."

Error to Houghton. (Hubbell, J.) Submitted on briefs October 24, 1894. Decided December 7, 1894.

Replevin. Defendant brings error. Reversed, and judgment entered for defendant. The facts are stated in the opinion.

*Chadbourne & Rees,* for appellant.

*A. R. Gray,* for plaintiff.

LONG, J. This cause was tried before the court without a jury upon the following agreed facts: Plaintiff was the owner and in possession of a piano of the value of $200.

The defendant, as sheriff, levied an execution in favor of Simon Karger upon the piano and other property belonging to plaintiff, and presented a list of the property so levied upon to the plaintiff, who then and there selected the piano as his exemption, under subdivision 7 of section 7686, How. Stat. At the time of the levy, plaintiff was a householder, living in Houghton with his family, consisting of himself and wife and four children, all sons, aged respectively 15, 13, 12, and 8 years. The piano was, and had been for two years prior to the levy, kept in the house of plaintiff, and used for the instruction of his children in music. Plaintiff demanded possession of the piano, which was refused, and this action of replevin was brought by him and the piano taken on the writ. On the trial the court found the title in plaintiff, and awarded him judgment for costs.

The only question in the case is whether, under the provisions of the statute above cited, this piano is exempt. This subdivision exempts " to each householder all household goods, furniture, and utensils, not exceeding in value $250." Counsel for plaintiff has presented a brief and argument in the case to sustain this judgment that is certainly very ingenious, but no case is cited, under a statute like ours, which upholds his contention. While these statutes are construed with great liberality in favor of exemptions, yet we think the language employed in subdivision 7 is not open to a construction which would exempt a piano. A piano cannot be classed as household goods, furniture, or utensils, within the meaning of the statute. The court below was in error in holding it exempt. See *Tanner v. Billings,* 18 Wis. 163; *Dunlap v. Edgerton,* 30 Vt. 224.

Judgment reversed, and judgment entered here for defendant.

The other Justices concurred.