## COOK v. FULLER.

No. 2376.    Opinion Filed January 28, 1913.

(130 Pac. 140.)

**EXEMPTIONS**—Piano—"Household and Kitchen Furniture." A piano comes within the term of "household and kitchen furniture," as the same is used in our personalty exemption statute (section 3346, Comp. Laws 1909; Sess. Laws 1905, p. 255).

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Roy Hoffman, Judge.*

Action by S. Cook against Mrs. B. A. Fuller. Judgment for defendant, and plaintiff brings error. Affirmed.

*A. M. Baldwin* and *A. J. Carlton,* for plaintiff in error.

*Edw. Howell,* for defendant in error.

WILLIAMS, J.   The only question for determination is as to whether a piano is included within the term of "all household and kitchen furniture."

Section 3346, Comp. Laws 1909 (Sess. Laws 1905, p. 255), is as follows:

"The following property shall be reserved to every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:   First, the homestead of the family, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife. Second, all the household and kitchen furniture.   Third, any lot or lots in a cemetery held for the purpose of sepulture.   Fourth, all implements of husbandry used upon the homestead.   Fifth, all tools, apparatus and books belonging to and used in any trade or profession.   Sixth, the family library and all family portraits and pictures, and wearing apparel.   Seventh, five milch cows and their calves under six months old.   Eighth, one yoke of work oxen, with necessary yokes and chains.   Ninth, two horses or two mules, and one wagon, cart or dray.   Tenth, one carriage or buggy. Eleventh, one gun.   Twelfth, ten hogs.   Thirteenth, twenty head of sheep.   Fourteenth, all saddles, bridles and harness necessary for the use of the family.   Fifteenth, all provisions and forage on hand, or growing for home consumption, and for the use of exempt stock for one year.   Sixteenth, all current wages and earnings for personal or professional services earned within the last ninety days."

In *Alsup & Thompson v. Jordan,* 69 Tex. 300, 6 S. W. 831, 5 Am. St. Rep. 53, in an opinion by Mr. Justice Stayton, concurred in by Chief Justice Willie and Justice Gaines, the clause exempting "all household and kitchen furniture" was construed to include a piano.   In the opinion he reviews *Tanner v. Billings,* 18 Wis. 163, 86 Am. Dec. 755, and points out that the conclusion of the court therein reached depended upon the particular provision of the statute, in that it, after naming certain specific articles of household furniture as exempt, further added, "all other household furniture not herein enumerated not exceeding $200 in value"; and that, as a piano as a rule would cost in excess of $200, obviously it was not the intention of the Legislature to include a piano in said exemption.

In *Dunlap v. Edgerton,* 30 Vt. 224, a piano was held not to be "an article of household furniture necessary for upholding life."

In *Kehl v. Dunn,* 102 Mich. 581, 61 N. W. 71, 47 Am. St. Rep. 561, the clause exempting to each householder all household goods, furniture, or utensils not to exceed the value of $250 was construed not to include a piano, citing as authority *Tanner v. Billings, supra,* and *Dunlap v. Edgerton, supra,*.

In *Conklin v. McCauley,* 41 App. Div. 452, 58 N. Y. Supp. 879, in an opinion by Hatch, J., paragraph 4 of the syllabus is as follows:

"Replevin for a piano, which was seized under execution, and which plaintiff claimed as a part of her necessary furniture, under Code Civ. Proc. sec. 1391, exempting necessary furniture to the value of $250, may be maintained without express proof of the value of other articles of furniture owned by plaintiff, where there was sufficient proof on the subject to justify a finding that the other articles were of little value."

In the opinion it is said:

"The proof given upon the trial tended to establish, and the jury were authorized to find, that the article in question constituted necessary household furniture, as it appeared that the plaintiff made use of the same in connection with the education of her children, and that the piano was an article of necessity for that purpose."

This opinion was concurred in by Goodrich, P. J., and Cullen, Bartlett, and Woodward, JJ. Cullen and Bartlett are now members of the Court of Appeals of said state; the former being Chief Justice.

Under the authority of the Texas and New York cases, the judgment of the lower court is affirmed.

All the Justices concur.