**In re Donald Dale FISHER, aka Don Fisher, and Judy Louette Fisher, Debtors.**

**Donald Dale FISHER, aka Don Fisher, and Judy Louette Fisher, Plaintiffs,**

**v.**

**CREDITHRIFT OF AMERICA, INC., Defendant.**

**Bankruptcy No. BK–80–02525.**

United States Bankruptcy Court, W. D. Oklahoma.

June 11, 1981.

Steven L. Parker, Tecumseh, Okl., for plaintiffs/debtors.

Charles M. Laster, Shawnee, Okl., for defendant.

## MEMORANDUM OPINION

ROBERT L. BERRY, Bankruptcy Judge.

*Statement of the Case*

This action was commenced with Credithrift of America's filing an Application for the return of several items of the debtor's personal property in which Credithrift asserted a nonpossessory, nonpurchase-money security interest. The debtors, Donald and Judy Fisher, responded to Credithrift's Application with their Application to avoid Credithrift's lien under 11 U.S.C. § 522(f) which permits the avoidance of such liens where the lien impairs an exemption to which the debtor would have been entitled. By agreement of the parties, this matter was submitted for decision on stipulated facts, the sole dispositive question of law being whether the particular items of per-

sonal property involved can be exempted under Oklahoma state law.

### Facts

The facts as stipulated by the parties are that in September of 1980, Credithrift loaned the Fishers a certain sum of money. As security for this loan, the Fishers gave Credithrift a security interest in numerous items of their personal property.

Credithrift now seeks the return of five of these items in particular, namely, two air conditioners, one vacuum cleaner, a television set and a stereo. Credithrift does not claim that loan proceeds were used to purchase any of these items. Credithrift's claim is based on the contention that these five items cannot be exempted under Oklahoma law and, therefore, 11 U.S.C. § 522(f) cannot be used by the Fishers to avoid the lien.

### Law

The Fishers rely on 11 U.S.C. § 522(f) which provides in pertinent part:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . ., if such lien is—

\*     \*     \*     \*     \*     \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, . . . appliances, . . . that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;"

The exemptions to which Oklahoma residents are entitled are specified in 31 Okl.St. Ann. § 1, effective June 25, 1980, which provides in pertinent part:

"Except as otherwise provided in this title and notwithstanding subsection B herein, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided.

\*     \*     \*     \*     \*     \*

3. All household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person."

Credithrift argues that the five items involved herein are not "furniture" within the meaning of 31 Okl.St.Ann. § 1. In support of its argument, Credithrift cites the case of *Michealson v. Elliott*, 209 F.2d 625 (8th Cir. 1954), which held that a television set did not come within the exemptions provided for by a Minnesota statute. The Minnesota statute in that case exempted "[a]ll wearing apparel of the debtor and his family; all beds, bedsteads, and bedding kept and used by the debtor and his family; all stoves and appendages put up or kept for the use of the debtor and his family; all cooking utensils; and all other household furniture not herein enumerated, not exceeding $500 in value". In construing the meaning of the words "household furniture" as used in the statute, the circuit court applied the principal of ejusdem generis, as had the district court which previously considered the case, and found the words "household furniture" to be restricted in their meaning by the preceding particular words in the statute. Moreover, the circuit court quoted the language used in the opinion of the district court: "If the phrase 'household furniture' appeared in the statute without the preceding enumeration of specific terms, then under a broad construction it might be held to include a television set."

In the Oklahoma statute no such preceding enumeration of specific terms is present. The only qualification placed on the household and kitchen furniture exemption by the Oklahoma statute is that such household and kitchen furniture be held primarily for the personal, family or household use of the debtor or his dependent. Thus, any assistance we might derive from *Michealson* in construing Oklahoma's statute is, at best, minimal.

Although there is very little Oklahoma case law regarding the application of the exemption to particular items of personal property, the Oklahoma courts have long taken the position that exemption statutes are to be liberally construed. In fact, the Oklahoma Supreme Court has stated on more than one occasion that where there is a doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of the exemption. See *Phelan v. Lacey*, 51 Okl. 393, 151 P. 1070 (1915), and *Nelson v. Fightmaster*, 4 Okl. 38, 44 P. 213 (1896).

The only specific application of the exemption which this Court has been able to find by the Oklahoma courts is the case of *Cook v. Fuller*, 35 Okl. 339, 130 P. 140 (1913). In that case the Oklahoma Supreme Court held that a piano was within the exemption of all "household and kitchen furniture."

Credithrift urges that the word "furniture" be limited in its meaning so as not to include "mechanical devices" such as the air conditioners and vacuum cleaner. Although it is true that in modern everyday English parlance the word "furniture" is generally not used in reference to such devices, the Oklahoma Supreme Court rejected such a limitation on the word as used in the exemption statute. In *Swisher v. Clark*, 202 Okl. 25, 209 P.2d 880 (1949), the court said:

"... In *Commercial Casualty Insurance Co. of Newark, New Jersey v. Adkisson*, 152 Okl. 216, 4 P.2d 50, we used the word "furnishings" for "furniture". This is not the best English, but certainly in our jurisdiction these words are synonymous."

While the items involved herein may not be considered "furniture" in the strictest sense of the word, this Court has no doubt that they are household "furnishings" under most definitions thereof.

In *Security Building & Loan Ass'n. v. Ward*, 174 Okl. 238, 50 P.2d 651 (1935), the Oklahoma Supreme Court gave the statute the following construction:

"The purposes of the exemption statute are to prevent improvident debtors from becoming subjects of charity by preserving to them sufficient definitely classified property that they may maintain a home for themselves, and to prevent inconsiderate creditors from depriving them of the necessities of life. It is the duty of the court to so apply these exemption statutes as to accomplish these purposes. . . .

"While we do not approve all of the decisions from other jurisdictions, we conclude, upon consideration thereof in connection with our own statute, that the household and kitchen furniture of the head of a family who is a resident of this state, which is being used for maintaining the home or which is intended to be so used and reasonably necessary for such use, is exempt by law from levy on execution or attachment."

This construction by the Oklahoma Supreme Court seems to impose the requirement that items sought to be exempted must be "reasonably necessary" for maintaining the home.

There is little doubt that vacuum cleaners meet such a requirement. The reasonable necessity of these devices for maintaining cleanliness and order in the home is beyond dispute. Likewise, any person who has spent a sun-scorched summer on the Oklahoma plains would not likely question the reasonable necessity of air conditioning in such a sweltering environment.

In its brief, Credithrift states that a television set "bears no utility as furniture and is merely an item of luxury and pleasure." In these modern times, this Court does not believe such to be the case. While the utilitarian value of much of television's programming may be questionable, there are areas in which its practical merit is undeniable. It brings us news of local and worldwide events which may significantly affect our daily lives. It warns us of danger from threatening weather. It serves as a forum in which our political leaders express their views thereby enabling us to more intelligently exercise our voting rights. Numerous programs are presented which educate

in various areas in the natural and applied sciences. When viewed in this context, a television set becomes more in the nature of a communications device rather than one merely used for entertainment. In fact, it is quite possible that a television set may be considered our primary source of information regarding the world around us. This Court, therefore, cannot say that a television set is not "reasonably necessary" for the maintenance of a home in the 1980's.

The stereo presents a slightly more difficult problem. Credithrift argues that it should not be exempt because it is only used as an item of pleasure. This Court, however, is not convinced that such use automatically renders an item non-exempt under Oklahoma law. Although a stereo is not a musical instrument in the ordinary sense, the purpose it serves today is not unlike that which a piano served in 1913. As stated previously, in that year in *Cook v. Fuller*, supra, the Oklahoma Supreme Court held a piano to be exempt despite the fact that Oklahoma law did not provide for the exemption of musical instruments. Suffice it to say that this Court believes that enough doubt exists as to whether the stereo is exempt or not that in accordance with the *Phelan* and *Nelson* cases, supra, it must resolve that doubt in favor of the exemption.

Lastly, it should be pointed out that although this Court feels that the particular items herein involved should be accorded exempt status, this is not to say that in future all such items of personal property that a debtor uses in his home may be so exempted. Each case will be evaluated on its merits with regard to its own particular facts and circumstances to prevent abuses by either creditors or debtors.

### Conclusion

In light of the foregoing stipulated facts and legal authorities, it is the opinion of this Court that the debtor's two air conditioners, vacuum cleaner, television set and stereo are exempt under Oklahoma law. The debtor's Application to avoid Credithrift's lien is therefore granted and Credithrift's Application for the return of these items is denied.

IT IS SO ORDERED.