In re Michael F. **MICHALAK**, Leah Beth Michalak, Debtors/Appellants,

**ITT Financial Services, Appellee.**

No. CIV–88–744–D.
Bankruptcy No. 87–00002 A.

United States District Court,
W.D. Oklahoma.

Aug. 29, 1988.

H. Allen Johnson, Lawton, Okl., for debtors/appellants.

John A. Crawford, Lawton, Okl., for creditor.

## ORDER

DAUGHERTY, District Judge.

Before this Court is an appeal from an order entered by the United States Bankruptcy Court for the Western District of Oklahoma, in which the Court disallowed the Debtors' Motion to Avoid Lien on certain items of personal property without a

hearing. The essential facts of this case are as follows: The Debtors in this case filed their Petition in Bankruptcy under Chapter 13 on January 2, 1987. On June 30, 1987, the Debtors elected to convert to a Chapter 7 Bankruptcy as provided by statute. The Debtors were discharged and the Chapter 7 case was closed, but subsequently reopened by the Chapter 7 Trustee upon his discovering that there were assets in the form of uncashed Chapter 13 disbursements. On November 9, 1987, the Creditor in this case filed a replevin proceeding in State Court in an effort to replevin the household goods of the Debtors. On November 16, 1987, the Debtors filed a Motion to Avoid Lien as provided by 11 U.S.C. Section 522(f), pursuant to exemptions at 31 O.S. Section 1, alleging the Creditor had an avoidable nonpurchased security interest in goods held for household and personal use. The Debtors claim that the exempt items include two televisions, a VCR, an Atari video game, a stereo system, two paint sprayers, a drill, a weed-eater, a lawn mower, an edger, an air compressor, 80 albums and tapes, miscellaneous car repair tools, encyclopedias and books, an outdoor barbecue grill and a workshop compressor. The Debtors' Motion asked that the Court set the Motion for hearing as provided by Local Bankruptcy Rule 12(c). On December 2, 1987, the Court, without hearing, issued its order denying the Debtors' Motion to Avoid Lien with the exception of one television. A single television set was found to be exempt because of the written agreement between the Debtors and the Creditor as to what items can be taken as collateral under a Federal Trade Commission rule. On December 11, 1987, the Debtors filed their Motion for Rehearing, asking the Court to consider a more detailed explanation of the use of the household goods and appliances. The Motion for Rehearing was denied on March 30, 1988.

The position of the Debtors is that the Bankruptcy Court erred in both not providing a hearing and in not ruling the listed items as avoidable. Local Rule 12(e) of the Local Bankruptcy Rules of the Western District of Oklahoma provides that "hearings on request for relief may not be conducted routinely unless requested ..." The Debtors in this case did request in their original Motion to Avoid Lien that the Court set any objection to the Motion for a hearing. As has been stated, the Bankruptcy Court ruled on the Motion without setting the Motion for a hearing.

The Bankruptcy Court is required to set the Motion for a hearing only if Rule 12(e) is phrased in mandatory terms. This Court is of the opinion that Rule 12(e) is properly interpreted to state that while hearings on Motions will normally not be held, they may be held at the discretion of the Court if requested by the parties. It is within the discretion of the Court to determine whether or not a hearing is necessary to the proper determination of the issue or issues presented in the Motion. A matter that is within the discretion of the Bankruptcy Court can only be reversed by this Court if an abuse of discretion is found. Because of the nature of the items listed in the Motion to Avoid Lien in this case, this Court is of the opinion that the use of the items is clearly apparent and that no further evidence would be required in order for the Bankruptcy Court to make a determination as to whether or not the items were properly avoidable. As a result, this Court is of the opinion that the Bankruptcy Court's decision not to hold a hearing in this case would not constitute an abuse of discretion.

The Debtors' second argument is that the Bankruptcy Court erred in not exempting the items listed above under Oklahoma's homestead exemptions described in 31 Oklahoma Statutes Section 1. While the U.S.Code provision, 11 U.S.C. Section 522(f), provides general authority for the avoidance of a nonpossessory, nonpurchase money security interest in certain items, it is necessary to look to State law for specific exemptions. The United States Court of Appeals for the Tenth Circuit has examined Oklahoma's homestead exemptions as they apply to the Federal lien avoidance statute in the case of *In re: Reid*, 757 F.2d 230 (10th Cir.1985). The

Tenth Circuit in *Reid* discusses the household exemption statute as follows:

"The purposes of the exemption statute are to prevent improvident debtors from becoming subjects of charity by preserving to them sufficient definitely classified property that they may maintain a home for themselves and to prevent inconsiderate creditors from depriving them of the *necessities of life.* (Emphasis Added) But, this is not to say that ... all items of personal property that a debtor uses in his home may be ... exempted. Each case will be evaluated on its merits with regard to its own particular facts and circumstances to prevent abuses by either creditors or debtors." *Reid,* at 236.

In other words, in order for an item to come under the household exemption under Oklahoma law, it is first necessary to establish that the item is primarily used in the household, and then secondarily that it is in fact a necessity to that household. While both parties have correctly stated that there is confusion in this area in that various orders issued by the Bankruptcy Court for this District allow very different items to be claimed as household exemptions, the *Reid* case clearly states that each case must be evaluated on its merits on a case-by-case basis. There is no hard and fast rule to follow.

Because the clearly established standard for appellate review of a bankruptcy decision is the "clearly erroneous" rule, the decision of the Bankruptcy Court cannot be reversed unless this Court is convinced that clear error has been committed. This Court is unconvinced that the items listed by the Debtors are necessities of life, and thus that they *must* be held to be exempt under the Oklahoma Statute. As has been stated, the Bankruptcy Court is entitled to determine this issue on a case-by-case basis, and this Court is not persuaded that the Bankruptcy Court's decision that such items as a VCR, stereo system, an Atari game and the other items involved in this matter are not necessities and should not be exempt is clearly erroneous. Accordingly, the decision of the Bankruptcy Court should be and hereby is affirmed.

IT IS SO ORDERED.