**In re Katrina C. MILLER, SSN 444–60–5091, Debtor.**

**Bankruptcy No. 89–70171.**

United States Bankruptcy Court, E.D. Oklahoma.

June 23, 1989.

Max Watkins, Muskogee, Okl., for Blazer Financial Services, Inc.

David Comfort, Okmulgee, Okl., for debtor.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On April 25, 1989, a Motion to Terminate Stay (Docket Entry No. 7) filed by Blazer Financial Services, Inc., with an associated Objection to said Motion (Docket Entry No. 12) filed by the Debtor, came before this Court for hearing.

Appearances were entered by Max Watkins for Blazer Financial Services, Inc. (Blazer) and David Comfort on behalf of the Debtor.

At the hearing, counsel for the Debtor revealed that a Motion to Avoid the Lien of Blazer Financial Services, Inc. (Docket Entry No. 15) concerning the same property at issue in the Motion to Lift Stay had been filed on April 14, 1989. As such, this Court does hereby consolidate the two Motions for purposes of resolution in this Order.

Also, the parties were afforded the opportunity to file legal Briefs in support of their positions with regard to the exemption status of the subject property. Both Briefs were timely received by this Court.

After review of said legal Briefs provided by the parties, the applicable law in the area, and the file, this Court does hereby enter into the following Findings of Fact and Conclusions of Law in this core proceeding:

## STATEMENT OF ISSUE

At issue in this case is whether certain personal property owned by the Debtor is exempt under the applicable Oklahoma Statute.

## FINDINGS OF FACT

1. The Debtor in this case filed a Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on February 14, 1989. Subsequently, on March 2, 1989, this Court entered an Order pursuant to the Motion filed by the Debtor converting the case to one under Chapter 7.

2. The Debtor asserts an exemption under the Oklahoma Statutes for the following items of personal property:

(a) Quasar VHS Video Recorder
(b) Atari Video Game System
(c) Atari Game Cartridges (10)
(d) Wilson Tennis Rackets (4)
(e) Ten–Speed Bicycle
(f) 35 mm Camera and Accessories
(g) Sleeping Bags (2)
(h) Water Skis (2)
(i) One–Speed Bicycles (2)
(j) Lawn mower
(k) Ladies Diamond Ring
(l) Ladies Diamond Necklace
(m) Ladies Diamond Earrings (2 pairs)
(n) Sharp Stereo, with speakers, phonograph and tape recorder

3. Blazer contends that these items, along with an exercise cycle, are not exemptible, relying upon the same applicable

Oklahoma statute. The Debtor does not contest the fact that the exercise cycle is not exemptible.

## CONCLUSIONS OF LAW

A. The United States Bankruptcy Code provides for the ability of the individual State Legislatures to determine items of exemption claimed pursuant to 11 U.S.C. § 522(b). This ability, normally termed "opting out" of the Federal exemptions, is codified under § 522(b), to-wit:

> "Notwithstanding Section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
>
> (1) property that is specified under subsection (d) of this section *unless* the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the Petition, or for a longer portion of such 180-day period than in any other place;
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." (emphasis added by this Court).

Thus, once a State has exercised its option to utilize its own exemption statutes rather than the Federal exemptions set forth in 11 U.S.C. § 522(d), a particular debtor may utilize the state provided exemptions *only* and may not pick and choose between the State and Federal exemptions. *John T. Mather Memorial Hospital of*

*Port Jefferson, Inc. v. Pearl*, 723 F.2d 193, 194 (2nd Cir.1983).

B. The Oklahoma exemption statute at Okla.Stat.Ann. tit. 31, § 1(B) provides that "no natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act of 1978, Public Law 95–598, 11 U.S.C.A. § 101, et seq., except as may otherwise be expressly permitted under this title or other statutes of the state."

Clearly, the State of Oklahoma and the Oklahoma Legislature has intended that the exemptions contained within Okla.Stat. Ann. tit. 31, § 1 should supercede the Federal exemptions under § 522(d) in their entirety, an ability which was fully contemplated and intended by the United States Congress in drafting the Bankruptcy Code. *In re Lee*, 22 B.R. 977 (Bankr.C.D.Ca.1982).

C. This Court takes this opportunity to examine the Oklahoma exemptions and their inadequacies as applicable in this case. This Court finds it increasingly difficult in our struggle to apply the archaic Oklahoma exemptions listed under Okla. Stat.Ann. tit. 31, § 1 to circumstances arising in an average case to a modern debtor. Amendments which have been made to this particular statute have been few and far between and have served as merely a bandage over an open and bleeding wound, clearly warranting major surgery and revision.

However, by the same token, this Court maintains its well-established position in literally construing all statutes, whether they be State or Federal, in interpreting their application to particular circumstances. This Court shall not serve in a "super-Legislative" capacity reading into the particular statute more than meets the eye. In conformity with this position, the particular Sections at issue in this case shall be literally interpreted by the actual, clear and plain meaning of the statute as written. The language is not ambiguous, and no rules of construction need be applied. *Nevada Power Company v. Watt*, 711 F.2d 913, 920 (10th Cir.1983). Any alterations in

the Oklahoma exemption statute beyond this clear meaning rests solely with the Oklahoma Legislature and not this Federal Trial Court.

■ D. The Debtor is attempting to claim certain items as exempt under Okla. Stat.Ann. tit. 31, § 1(A)(3) which includes "all household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person." The items so claimed are the video recorder, video game system, game cartridges, tennis rackets, ten-speed bicycle, 35 mm camera and accessories, Sharp stereo, sleeping bags, water skis, one-speed bicycles and lawn mower.

This Court deems that the applicable subsection of this statute requires that the item sought to be exempted be first, "furniture." This term is defined as "the moveable things in a room, apartment, etc. which equip it for living, as chairs, sofas, tables, beds, etc." Webster's New Twentieth Century Dictionary, Unabridged 2nd Edition, 1962, and more recently, "the moveable articles in a room or establishment that make it fit for use." Webster's II New Riverside University Dictionary, 1984. This later definition would appear to be somewhat less definite and specific, but clearly is intended to include the necessities for occupancy.

Second, the furniture at issue must be employed in a "household" or "kitchen" surrounding. This would obviously mean that it must occupy the home or the kitchen.

Finally, the said household and kitchen furniture must be utilized solely "for the personal, family or household use of such person or a dependent of such person." We disagree with the Debtor's interpretation of this recent amendment to the statute as creating a more expansive applicability of this exemption. We interpret that this overt addition was indeed for the purpose of making this exemption more restrictive.

In a literal interpretation which this Court feels compelled to apply to these circumstances given the language supplied by the Oklahoma Legislature, we find no alternative but to deem all of the items listed hereinabove as allegedly falling within this particular section of the Oklahoma exemption statute as nonexempt. None of these items are in the character or nature of "furniture" as that term is normally defined, but rather are personal property of a character not found within the Oklahoma statute for exemptions. Despite the fact that the Oklahoma Supreme Court has determined that the "exemption laws ... should be liberally construed to comport with the beneficial spirit of protecting the family home, a liberal construction cannot be the means of defeating a positive law or a rule established by judicial precedent." *In re Estate of Wallace*, 648 P.2d 828, 833–34 (Okla.1982). We find that no such liberal construction is warranted by circumstances wherein the language of the statute is clear such as in this case. To construe the statute any more liberally would render the language of the Oklahoma Legislature inert and far afield from the perceived intent.

The only item in the litany provided by the Debtor proposing to be included within this exemption which has been specifically ruled upon by a prior decision is the stereo. We specifically reject the finding of the Bankruptcy Court in the case of *In re Fisher*, 11 B.R. 666 (Bankr.W.D.Okla.1981) wherein a stereo was equated with a piano, an item of personalty, which was specifically found to be exempt from an early Oklahoma Supreme Court decision. We find no identity between these two items and their relationship to "household furniture." We specifically note a distinction between the term household furniture used by the Oklahoma Legislature and the term household goods utilized in many other states' exemptions statutes; see e.g., *In the Matter of Jones*, 5 B.R. 655 (Bankr.M.D.N.C.1980). The latter is clearly broader while the former, more specific and restrictive.

■ E. The last items to be considered for exemption are the ladies diamond necklace, ladies diamond ring and two pairs of diamond earrings. These items are potentially exemptible under Okla.Stat.Ann. tit. 31, § 1(A)(8) which sets forth that "the

person's interest, not to exceed four thousand dollars ($4,000) in aggregate value, in wearing apparel that is held primarily for the personal, family or household use of such person or a dependent of such person" is exemptible. Under a like analysis as applied hereinabove, a literal interpretation of the statute shall be employed. As such, the criteria for a finding of exemption in this section requires first, that the item be wearing apparel, which is defined literally as "(1) clothing (2) something that covers or adorns." Webster's II New Riverside University Dictionary, 1984. Second, that the value of this wearing apparel does not exceed $4,000 and finally, that the particular item at issue is strictly for "personal, family or household use."

The question which immediately arises is whether jewelry, such as those items which are at issue in this case, is in the character of wearing apparel. As specifically defined, we find that the jewelry at issue herein is in fact wearing apparel and thus, exemptible. This is founded on the reasoning that such is used for the adornment of the Debtor for strictly personal use. Any reservation or danger of abuse [i.e., an attempt to exempt luxury items such as expensive diamonds, see *Wikle v. Westhem*, 642 F.2d 1139 (9th Cir.1981)] has been specifically addressed under the Oklahoma exemption by limiting the value of said items to $4,000. It is apparent from the Debtor's schedules that these items are alleged to have an aggregate value of $800, which has not been challenged by Blazer and thus, are deemed to fall within the bounds of the statute as written.

F. Some question has arisen as to the applicability of 11 U.S.C. § 522(f) in avoiding the lien on exempt property of a certain character to the Oklahoma items deemed as exempt under Okla.Stat.Ann. tit. 31, § 1. That section states specifically:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor."

■ We disagree with the interpretation of the debtor that there is an inherent conflict between § 522(f) and the state exemptions in that they do not specifically coincide with each other as to the items exempted. The lien avoidance statute under the United States Bankruptcy Code at 11 U.S.C. § 522(f) sets forth the allowed property for which outstanding liens may be avoided. This section contains no exemptions as implied by the debtor, but rather entirely governs lien avoidance. The Federal statute specifically allows the Okla.Stat.Ann. tit. 31, § 1 exemptions to be applied against the § 522(f) lien avoidance items to the extent possible. It has been determined that it is not incompatible for State law to govern exemptions and Federal law to govern lien avoidance, and in fact, is mandated to do so when a state has "opted out." *In re Leonard,* 866 F.2d 335, 336 (10th Cir.1989). We find that the Oklahoma state exemptions are to be dovetailed with the items listed in the Federal lien avoidance statute.

IT IS THEREFORE ORDERED that the Quasar VHS Video Recorder, Atari Video Game System, ten Atari Game Cartridges, four Wilson Tennis Rackets, one ten-speed bicycle, 35 mm camera and accessories, Sharp stereo, with speakers, phonograph and tape recorder, two sleeping bags, two water skis, two one-speed bicycles, one lawn mower and one exercise cycle are deemed non-exemptible and thus, as to these items, Blazer's Motion to Terminate

718

Stay is hereby granted. Concurrently, the Debtor's Motion to Avoid Lien on these items is hereby denied.

IT IS FURTHER ORDERED that the ladies diamond necklace, ladies diamond ring and two pairs of diamond earrings are hereby deemed as wearing apparel and thereby exempt and as to the these items, Blazer's Motion to Terminate Stay is hereby denied and the Debtor's Motion to Avoid Lien is hereby granted.