**In re David Harold ADKINS and Margaret Ann Adkins, Debtors.**

**Bankruptcy No. 90–02361–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Nov. 21, 1990.

**394**

Ronald Bernbaum, Tulsa, Okl., for debtor.

Jack A. Martin, Tulsa, Okl., for Blazer.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

Upon the motion of David Harold Adkins and Margaret Ann Adkins ("Debtors") to avoid lien pursuant to 11 U.S.C. § 522(f)(2) [1] and the objection thereto, filed by Blazer Finance ("Creditor"), the Court finds the lien upon the Debtors' three televisions, VCR, stereo, two speakers, phonograph, guitar and lawn mower ("Property") is avoidable and the Property exempt for the following reasons.

## STATEMENT OF FACTS

The Debtors filed a motion to avoid lien pursuant to 11 U.S.C. Section 522(f) on August 27, 1990. The Debtors alleged the Creditor had a nonpossessory, nonpurchase money security interest in the Property held primarily for the personal, family and household use of the Debtors.

The Creditor filed its objection to the Debtors' motion on September 17, 1990. In support of its motion the Creditor cited cases from the United States Bankruptcy Courts for the Northern, Eastern and Western Districts of Oklahoma, the Oklahoma Supreme Court and the Tenth Circuit. These decisions will be discussed further in this Court's analysis. The Debtors filed their authorities and response to the Creditor's objection on September 27, 1990. They mainly rely upon *In re Fisher*, 11 B.R. 666 (Bankr.W.D.Okl.1981) to support their contention that the lien may be avoided on all the Property.

The Debtor's testimony at the hearing on October 26, 1990, reflected that one of the televisions was disposed of on or before filing bankruptcy because it was inoperative. The rest of the Property was located in the family home and held for primarily personal, family and household use. It was undisputed that the security agreement of the creditor was nonpossessory and nonpurchase money.

## ARGUMENTS AND ANALYSIS

The Oklahoma Exemption Statute, 31 O.S. § 1(A)(3) states as follows.

(A) Except as otherwise provided in this title and notwithstanding subsection (B) of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

(3) all household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person; ...

■ The issue to be decided is whether the property is exempt under Oklahoma law. The Court first finds that all the property in question qualifies as furniture under the Oklahoma exemption statute. Furniture is defined in Black's Law Dictionary, 608 (5th ed. 1979), as follows:

This term includes that which furnishes, or with which anything is furnished or supplied; whatever must be supplied to a house, a room, place of business, or public building or the like, to make it habitable, convenient, or agreeable; goods, vessels, utensils, and other appendages necessary or convenient for housekeeping; whatever is added to the interior of a house or apartment, for use or convenience.

Under this definition, the only articles that might not be considered furniture are the lawn mower and guitar. However, both of these are used to make the home

---

1. Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

more habitable, convenient and agreeable and, therefore, can be classified as furniture. Also in *Cook v. Fuller*, 35 Okl. 339, 130 P. 140 (1913) and *In re Johnson*, 101 B.R. 280 (Bankr.W.D.Okl.1989) a piano and fire alarm system were respectively found to be furniture.

The key issue to be decided is whether the Property, which is held primarily for personal, family and household use, must also be a "necessity of life."

The issue of lien avoidance has been addressed by the Bankruptcy Court for the Northern District of Oklahoma in *In re McKaskle*, 117 B.R. 671 (Bankr.N.D.Okl. 1990), and by the Tenth Circuit in *In re Reid*, 757 F.2d 230 (10th Cir.1985). The Western District addressed the issue in *In re Michalak*, 101 B.R. 276 (W.D.Okl.1988), and *In re Fisher*, 11 B.R. 666 (Bankr.W.D. Okl.1981), and the Eastern District in *In re Wade*, Case No. 88–0048 (Bankr.E.D.Okl. 1988), and *In re Miller*, 101 B.R. 713 (Bankr.E.D.Okl.1989).

In the *McKaskle* case, the debtor sought to avoid the creditor's nonpossessory, non-purchase money security interest in the debtor's three televisions, VCR, stereo, two speakers, phonograph, lawn mower, hedge trimmer, video game system, calculator and antiques. Relying upon an Oklahoma Supreme Court case, *Security Building & Loan Association v. Ward*, 174 Okl. 238, 50 P.2d 651 (1935), for the definition of "household and kitchen furniture", the court found only one television and the antiques were exempt. The other items were found nonexempt because none fit the strict definition of furniture or was a "necessity of life."

The *Security Building & Loan Association* case involved a debtor with a twelve room home which he had divided into three apartments. The debtor and his family were, in fact, only using one of those apartments for their personal, family and household use. The other two apartments were leased to tenants. The house and its furniture burned in a fire. Before the insurance company could pay the proceeds, Security Building & Loan Association ("Security") issued a garnishment naming the insurance company garnishee. The dispute arose as to whether the debtor or Security was entitled to the proceeds payable because of the fire damage to the furniture. This turned upon whether the furniture was exempt from claims of creditors.

The court held that the furniture used by the debtors in their apartment was household furniture held primarily for family or household use and was, therefore, exempt. The court further held that the furniture in the tenants' apartments was being used for commercial purposes and not household or family purposes and, therefore, nonexempt. The proceeds were divided accordingly.

In its opinion the court stated as follows:

The purposes of the exemption statute are to prevent improvident debtors from becoming subjects of charity by preserving to them sufficient definitely classified property that they may maintain a home for themselves, and to prevent inconsiderate creditors from depriving them of the *necessities of life*. It is the duty of the court to so apply these exemption statutes as to accomplish these purposes. . . .

While we do not approve all of the language used in the foregoing decisions from other jurisdictions, we conclude, upon consideration thereof in connection with our own statute, that the household and kitchen furniture of the head of a family who is a resident of this state, which is being used for maintaining the home or which is intended to be so used and reasonably necessary for such use, is exempt by law from levy on execution or attachment (emphasis added).

*Security Building & Loan Association*, 50 P.2d at 657.

The Tenth Circuit picked up on the "necessities of life" language in the *Security Building & Loan Association* case when it decided *In re Reid*. In *Reid* the debtors operated a family business known as International Mailing Systems ("IMS"). A customer of their business, Billy James Hargis ("Hargis"), owed the debtors money for printing and mailing services. In payment, Hargis gave the debtors fifteen religious paintings previously on display in his of-

fice. The paintings were two hundred to three hundred years old, displayed in carved frames and valued at approximately $187,000.00.

The debtors received six paintings in June of 1980 and the remaining nine in November 1980. The paintings were hung throughout their house, but soon after receipt the debtors pledged the first six paintings to Community Bank and Trust Company ("Community"). The debtor testified he used the loan proceeds for business purposes. In request for the loan, the debtors indicated they would pay off the loan by selling some of the paintings and that the loan proceeds would be used as partial payment for personal and business taxes.

The Tenth Circuit affirmed the bankruptcy court's findings that the paintings were nonexempt. Under all the circumstances, they had not been held *primarily* for family or household use but for commercial purposes. They had been received in payment of a debt owed the Debtors' and later pledged for a business loan, the proceeds of which were used for business purposes. The Court used the "necessities of life" language but it was not the basis for its decision and is, therefore, dictum.

The "necessities of life" requirement was used by the court in *In re Michalak*, in holding furniture nonexempt. Property the debtors wished to exempt included two televisions, a VCR, a video game, stereo system, paint sprayers, drill, weed eater, lawn mower, edger, air compressor, eighty albums and tapes, miscellaneous car repair tools, encyclopedias, books, an outdoor barbecue grill and a workshop compressor. The *Michalak* court quoted *Reid* quoting *Security Building and Loan Association* using the "necessities of life" language, then stated:

> In other words, in order for an item to come under the household exemption under Oklahoma law, it is first necessary to establish that the item is primarily used in the household, and then secondarily that it is in fact a "necessity of life" to that household.... This court is unconvinced that the items listed by the debtors are "necessities of life", and thus

that they must be held to be nonexempt under the Oklahoma statute.

*In re Michalak*, 101 B.R. at 278. Thereafter, the district court affirmed the decision of the bankruptcy court finding all the items nonexempt.

The Eastern District of Oklahoma in *In re Wade* and *In re Miller* did not cite any of the aforementioned cases. In *Wade*, the court found nonexempt a VCR, a video game, luggage, a lawn mower, a camera and an exercise cycle. The exempt items included one color television, a sewing machine and jewelry, classified as wearing apparel. The court in *Miller* only found the jewelry exempt as wearing apparel. The rest of the property, including tennis rackets, lawn mower, VCR, bicycles and video game, was nonexempt. Using a strict literal interpretation of the statute, the court determined the items found nonexempt did not fit the definition of furniture.

This Court respectfully declines to follow any of the aforementioned cases. The exemption statute for Oklahoma is to be liberally construed. *In re Fisher* and *In re Siegmann*, 757 P.2d 820 (Okl.1988). In addition, this Court does not read the *Security Building & Loan Association* case as requiring furniture held for family and household purposes to be also a "necessity of life." Such an interpretation is in conflict with a liberal construence of the exemption statute and the fresh start intent of the Bankruptcy Code. The Courts discussion in *Security Building & Loan Association* of whether the furniture was a "necessity of life" was not the basis of its decision, was dictum, and contrary to the plain and unambiguous language of the Oklahoma exemption statute. The only requirement for furniture to be exempt is that it be held primarily for personal, family and household use. There is no requirement that it be a "necessity of life." See *In re Johnson*, 113 B.R. 44 (W.D.Okl.1989) where the court, in regard to the tools of the trade exemption, refused to judicially add an additional requirement that the tools be used in the debtor's principal occupation. The tools where held to be exempt

as they met the requirements of the statute.

■ The court finds the reasoning of *In re Fisher*, 11 B.R. at 668,[2] to be persuasive. The court stated as follows:

> [t]he only qualification placed on the household and kitchen furniture exemption by the Oklahoma statute is that such household and kitchen furniture be held primarily for the personal, family or household use of the debtor or his dependent.... the Oklahoma courts have long taken the position that exemption statutes are to be liberally construed. In fact, the Oklahoma Supreme Court has stated on more than one occasion that where there is a doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of the exemption....

In the present case, this Court holds that the Debtors' two televisions, VCR, stereo, speakers, phonograph, lawn mower and guitar are exempt. Under a broad interpretation of the exemption statute, these items are household furniture held for personal, family and household use and are exempt. The fact that they are not "necessities of life" does not make them non-exempt.

The facts of *Security Building & Loan Association* and *Reid* can be distinguished from the facts presented here. In those cases, the items had been used for commercial purposes and for this reason were held to be nonexempt. In the present case, the furniture is held primarily for personal, family and household use and, therefore, exempt.

Accordingly this Court will enter a separate order finding exempt the Debtors' televisions, VCR, stereo, speakers, phonograph, guitar and lawn mower and voiding the lien of creditor against said property.

IT IS SO ORDERED.

2. The *Fisher* case was cited with approval by the Tenth Circuit in *In re Reid*.